REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

| | | |
|---|---|---|
| PATRICK SHERARD GUILLORY | § | |
| V. | § | PD-0163-15 |
| THE STATE OF TEXAS | § | (COA# 14-13-01037-CR |

---

### MOTION FOR REHEARING WITH LEAVE TO AMEND
### ORIGINAL PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now, PATRICK SHERARD GUILLORY pro se, humbly seeking a rehearing pursuant to T.R.A.P. 64.1, and Leave to Amend the original petition pursuant to T.R.A.P. 72.1 and 53.8 respectively. And would show the following in support:

### CAUSE AND PREJUDICE

Petitioner has good cause to show that the 14th Court of Appeals reversibly erred by unlawfully applying the "Law of Parties" principle in determining whether there was sufficient evidence to support the Capital Murder conviction (Appellant's Point of Error 1), and also in the appellate court's determination on whether Appellant was entitled to a jury charge on lesser included offenses (Appellant's Points of Error 3 and 4). This prejudiced Petitioner's right to a jury verdict based on the evidence attributed to his individual conduct, which, in this case, is legally insufficient to support the Capital Murder conviction.

### STATEMENT OF CASE

Petitioner was indicted for the offense of Capital Murder. The indictment alleged that Petitioner intentionally caused the death of Raul Amaro while in the course of committing or attemting to commit robbery.(CR;7) Petitioner entered his plea of "not guilty" and was tried by a jury. The jury found him "guilty as charged in the indictment"(CR;307). Petitioner was sentenced to life without parole (CR;308). Appeal was timely filed and affirmed by the 14th Court of Appeals (COA #14-13-01037-CR). Petition for Discretionary Review was filed and refused (PD-0163-15). Petitioner now seeks rehearing on the PDR.

1.

## SUMMARY OF FACTS

Petitioner and Tyreon Young allegedly rode with Roy Vasquez to the local Conoco station. Tyreon riding in the front seat and Petitioner in the back. (RR3;146) Roy testified that Tyreon asked him (Roy) if he knew where they could "hit a lick" which the state interpreted to mean "rob someone"(RR3;149-50). Roy testified that petitioner was in possession of a firearm in the car.(RR3;154) After arriving at the store Petitioner and Tyreon exited the vehicle and walked to the back of the store where people were gathered drinking beer.(RR3;238)

Jose Gomez with the Harris County Sheriff's Dept. testified that he spoke to witness Martinez in spanish, the witness described what happened as a "fight" in which he himself had been involved (RR3;91). Martinez described a total of three gunshots, two at him, and one that hit Amaro killing him. (RR3;96). He described the man which he fought with as having a black shirt and running south while the other man ran west.(RR3;97).

Gary Clayton with the Harris County Crime Scene Unit on cross-exam said that Amaro still had 304.00 inside his wallet. (RR3;127).

Jennifer Turner with the Harris County Forensics Lab was unable to compare the bullet taken from Amaro because there was no weapon to compare it to.(RR4;103)

Jason Brown with the Homicide Division of Harris County, testified that there was video surveillance showing two black males walking toward the back of the store at 7:00, neither of which were displaying a firearm. (RR4;135,136) He also testified that there were no direct eyewitnesses to identify the person who shot Raul Amaro (RR4;141).

Petitioner did not testify.

2.

## AMENDED GROUND FOR REVIEW

GROUND: Whether the 14th Court of Appeals reversibly erred by unlawfully applying the "Law of Parties" principle in determining whether the evidence was sufficient as a matter of law to support the conviction for Capital Murder in the course of a robbery. And whether the law of parties error affected the appellate court's decision regarding the right to a lesser included offense jury charge?

HARM: If the culpability and actions of Tyreon Young are removed from the equation, there is no question that the individual culpability and actions of Petitioner are insufficient to support a conviction for Capital Murder in the course of a robbery and that Petitioner was entitled to a lesser included jury charge. Trial court judgement and sentence should have been reversed.

### Argument and Authorities

The Court of Appeals decision was erroeneous and unlawful. In the instant case, the murder was alleged to have been committed in the course of attempting to commit or commiting robbery. The evidence shows that the person alleged to have tried to take something from the decedant was not the same person who shot the victim. The "Law of Parties" principle was used to "blend" the culpability and actions of two or more individuals in the effort to meet the burden of proof. The jury was never "lawfully charged" on the law of parties. The state allowed the jury to combine the actions of at least two people. The appellate court then followed the state's obvious reliance on the law of parties without a determination as to whether the jury had been lawfully charged on the law of parties, resulting in error.

"Under the law of parties, the state is able to enlarge the defendant's responsibility to acts in which he may not be a principle actor. Because our penal code generally criminalizes conduct of individuals, the state is required to properly instruct the jury if it proceeds upon the law of parties.

3.

theory. When there is no charge on the law of parties a defendant may only be convicted on the basis of his own conduct." Goff v. State,931 S. W.2d 537,544 (Tex.Crim.App. 1996).

In the instant case the parties theory was used to establish the underlying offense of robbery, by a metaphorical mis-interpretation of a phrase allegedly spoken by Tyreon Young prior to the incident. Tyreon Young was alleged to have asked Roy Vasquez"where they could 'hit a lick'". The term hit a lick was interpreted by the state to mean "rob someone". (RR3;149,150). This phrase although ambiguous, was used to prove that Young and Petitioner had the intention to rob someone "together", thus relying on the law of parties principle to blend the actions of Tyreon Young in a manner that transferred culpability as well as actions. For Capital Murder purposes the state must prove that the murder was intentionally committed in the couse of robbery. The phrase hit a lick was the point of reference to create a robbery by solicted semantics. The word robbery was applied without question and accepted as proven. Then the "intent" to rob was transferred to the "intent to kill" through a skillfull application of the solicted semantics.

"The element distiguishing capital murder from felony murder is the intentional murder in the course of a robbery." Threadgill v. State,146S.W.3d 654,655 (Tex.Crim.App.2004). "This Court [CCA] has defined "in the course of committing" an offense... as conduct occuring in the attempt or commission, or during the commission, or in the immediate flight after the attempt or commission of the offense. In order for the murder to qualify as capital murder... the intent to [commit the offense] must be formed prior to or concurrent with the murder." Robertson v. State,871 S. W.2d 701,705 (Tex.Crim.App.1993)

The underlying offense of robbery in this case rests on semantics and not facts. The appellate court followed the same trail of reasong that the state created for the jury. Which blends conduct and transfers culpability.

Upon closer review of the record and with the "correct interpretation" of the phrase hit a lick, it is clear that the person who allegedly tried to take something from Amaro is not the same person who possessed the gun. That would show that the person who allegedly tried to take something from Amaro did not use a gun to threaten harm or death as required by Texas Penal Code § 29.02. There is no evidence that shows that Amaro suffered any injuries other than the gunshot wound. So the state could only rely on the presence of a firearm, which was not shown to be in the possession of the person who tried to take something from Amaro. So the person could not have had the intent to kill the person to take his property. And the person who was in possession of the gun, did not participate in the attempt or taking of Amaro's property.

## CONCLUSION

The Law of Parties was erroneously applied by the 14th Court of Appeals. This resulted in a blending and transfer of culpability and action by two or more individuals. When the culpability and actions are "seperated" it is clear that the evidence is insufficient and cannot support a Capital Murder, in the course of a robbery conviction. Petitioner clearly did not intend to kill or intend to rob nor is there evidence to show that he did. kill or rob anyone. The case is built on a metaphorical mis-interpretation and a skillful use of semantics by the state.

## PRAYER

Petitioner prays this Honorable Court of Criminal Appeals will grant the Petition for discretionary Review upon rehearing and consider the single ground to determine whether the 14th Court of Appeals unlawfully applied the law of parties theory without propoerly chargeing the jury. Ultimately reversing the court of appeals decision and remanding for re-hearing "without" using the law of parties.

Respectfully Submitted,

6-16-15

Patrick Sherard Guillory

5.

## CERTIFICATE OF SERVICE

Petitioner Patrick Sherard Guillory herein certifies that a true and correct copy of the foregoing Motion for rehearing with leave to Amend has been mailed to the beloww named parties by using the McConnel Unit Mailroom procedures and applying first class postage pre-paid. Harris County District Attorney's Office-Appellate Division-1201 Franklin, 6th Floor, Houston, TX 77002. And State Prosecuting Attorney, P.O. Box 12405, Austin, TX 78711. on this *16* day of *June*, 2015.

*Patrick Guillory*
Petitioner pro se

Patrick Sherard Guillory #1895126

3001 S. Emily Dr.

Beeville, TX 78102

SAN ANTONIO TX 780
RIO GRANDE DISTRIC
17 JUN 2015 PM 5 L
FOREVER USA



Abel Acosta, Clerk

Court of Criminal Appeals of Texas

P.O. BOX 12308

Austin, TX 78711

78711230808